Filed 7/19/21 P. v. Shipp CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL DAVID SHIPP,<br><br>    Defendant and Appellant. | B308414<br><br>(Los Angeles County<br>Super. Ct. No. A020395) |

APPEAL from an order of the Superior Court of Los Angeles County, James D. Otto, Judge. Reversed and remanded.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

1

_____

Michael David Shipp, convicted of first degree murder in 1980 following a guilty plea, appeals the superior court's order denying his petition for resentencing under Penal Code section 1170.95[1] based on the court's finding Shipp could still be convicted of murder notwithstanding the changes to accomplice liability for murder effected by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437). Shipp contends, and the Attorney General concedes, the superior court erred by prematurely engaging in factfinding not permitted before an order to show cause issues. We agree, reverse the order denying Shipp's petition and remand with directions to issue an order to show cause and to conduct further proceedings in accordance with section 1170.95, subdivision (d).

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *Shipp's Conviction*

In the early morning of August 2, 1979 Shipp, then 16 years old, his older brother, Gerald Shipp, and Carlos Polk robbed customers and employees of a Long Beach restaurant. Gerald Shipp and Polk were armed with handguns. Shipp did not have a weapon.

According to testimony from the preliminary hearing and information in probation and police reports, during the robbery Polk shot Carl Duggins, who had refused to give Polk his money. Duggins died 12 days later. All three perpetrators took property from the restaurant's customers before and after the shooting. Shipp, Gerald Shipp and Polk then kidnapped a female customer

_____

[1]     Statutory references are to this code.

and fled in her car. While in the car, Shipp participated in robbing the woman of her cash and jewelry.

Shipp was charged in an information with murder (§ 187), eight counts of robbery (§ 211) and kidnapping to commit robbery (§ 209) with special allegations a principal had been armed with a firearm during the crimes (§ 12022, subd. (a)). On March 11, 1980 Shipp pleaded guilty to first degree murder and was sentenced to an indeterminate state prison term of 25 years to life. The remaining counts and firearm enhancement allegations were dismissed.

2. *Shipp's Petition for Resentencing*

On February 4, 2019 Shipp, representing himself, filed a petition for resentencing under section 1170.95 and requested the court appoint counsel to represent him in the resentencing proceedings. Shipp checked several boxes on the printed form petition establishing his eligibility for resentencing relief, including the box stating he had pleaded guilty to first or second degree murder because he believed he could have been convicted of murder at trial pursuant to the felony-murder rule or the natural and probable consequences doctrine and the box averring he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189 by Senate Bill 1437.

The superior court appointed counsel for Shipp and ordered the District Attorney to file a response to the petition. The District Attorney's initial response opposed the petition solely on the ground that Senate Bill 1437 and section 1170.95, in particular, were unconstitutional. Shipp's counsel filed a memorandum replying to the constitutional arguments. Several months later the District Attorney filed a supplemental brief

3

acknowledging that Shipp had been convicted of first degree murder based on the felony-murder rule, but arguing he was not entitled to resentencing relief because, as reflected in the record of conviction, he had been a major participant in the robberies who acted with reckless indifference to human life. Shipp filed a reply, contending he had established a prima facie case for relief.

The superior court scheduled a hearing on Shipp's petition but did not issue an order to show cause.[2] Shipp was present with his counsel at the hearing on August 14, 2020.

After listening to counsel's arguments, the court rejected the District Attorney's constitutional challenge to Senate Bill 1437 and denied the petition on its merits. The court stated: "I've looked at this in light of the *Banks* factors[3] and applied the *Banks* factors to determine [the merits]. Based on the record of conviction, I found that the *Banks* factors overwhelmingly make the defendant a major participant and showed he acted with reckless indifference to human life. The petition is denied."

The court's minute order gave a more complete explanation of the ruling, "Both sides agree that the defendant is not the killer. [¶] The Petitioner's counsel argues that the defendant did

---

[2] On the initial hearing date, July 20, 2020, Shipp's counsel asked for a short continuance. The court inquired, "Are you planning to present evidence? Is this an evidentiary hearing where you're going to submit something more than you have on the record of conviction?" Counsel responded, "No, Your Honor. It would just be argument."

[3] In *People v. Banks* (2015) 61 Cal.4th 788 the Supreme Court identified factors that courts should consider in determining whether a defendant was a "major participant" within the meaning of the special circumstance statute for aiders and abettors of felony murder (§ 190.2, subds. (a)(17), (d)).

4

not assist in the killing, that the defendant did not act in reckless, cruel [] indifference to human life.  [¶]  The People argue that the defendant knowingly agreed and participated in the robbery, that the defendant knew his co-defendants had guns and carried the guns, that he stepped over moaning victims, that he re-entered the bar and took a woman at gun point.  In addition, the People argue the defendant was a major participant in the murder and robbery.  [¶]  The court finds that the defendant was a major participant in the crime."

Shipp filed a timely notice of appeal.

## DISCUSSION

1. *Senate Bill 1437 and the Section 1170.95 Petition Procedure*

Senate Bill 1437 eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843 (*Gentile*)) and significantly limited the felony-murder exception to the malice requirement for murder.  (See, e.g., *People v. Rodriguez* (2020) 58 Cal.App.5th 227, 236, review granted Mar. 10, 2021, S266652; *People v. Bascomb* (2020) 55 Cal.App.5th 1077, 1080.)  It also authorized, through new section 1170.95, an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime.  (See *Gentile*, at p. 859.)

If the section 1170.95 petition contains all the required information, including a declaration by the petitioner that he or she was convicted of murder and is eligible for relief (§ 1170.95,

5

subd. (b)(1)(A)), section 1170.95, subdivision (c), prescribes a process for the court to determine whether to issue an order to show cause and hold an evidentiary hearing to consider if the murder conviction should be vacated and the petitioner resentenced on any remaining counts:  "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response . . . and the petitioner may file and serve a reply . . . .  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

In determining whether the petitioner has carried the burden of making the requisite prima facie showing he or she falls within the provisions of section 1170.95 and is entitled to relief, the superior court properly examines the record of conviction and "can dismiss any petition filed by an individual who was not actually convicted of first or second degree murder." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 330 (*Verdugo*), review granted Mar. 18, 2020, S260493.)  "The record of conviction might also include other information that establishes the petitioner is ineligible for relief as a matter of law because he or she was convicted on a ground that remains valid notwithstanding Senate Bill 1437's amendments to sections 188 and 189 (see § 1170.95, subd. (a)(3))—for example, a petitioner who admitted being the actual killer as part of a guilty plea or who was found to have personally and intentionally discharged a firearm causing great bodily injury or death in a single victim homicide within the meaning of section 12022.53,

6

subdivision (d)." (*Ibid*.) As this portion of our decision in *Verdugo* emphasized, for relief to be denied without the court first issuing an order to show cause and conducting an evidentiary hearing, the record of conviction must establish the petitioner's ineligibility as a matter of law. (See *People v. Smith* (2020) 49 Cal.App.5th 85, 92, review granted July 22, 2020, S262835 ["[i]f it is clear from the record of conviction that the petitioner cannot establish eligibility as a matter of law, the trial court may deny the petition"]; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410 [record must show defendant is "indisputably ineligible for relief"].)

Once the section 1170.95, subdivision (c), prima facie showings have been made, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1).) At the hearing the prosecution has the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3); *Rodriguez, supra*, 58 Cal.App.5th at p. 230, review granted; *People v. Lopez* (2020) 56 Cal.App.5th 936, 949, review granted Feb. 10, 2021, S265974; but see *People v. Duke* (2020) 55 Cal.App.5th 113, 123, review granted Jan. 13, 2021, S265309.) The prosecutor and petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens. (See *People v. Tarkington* (2020) 49 Cal.App.5th 892, 898-899, review granted Aug. 12, 2020, S263219; *People v. Drayton* (2020) 47 Cal.App.5th 965, 981; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1136, review granted Mar. 18, 2020, S260598.)

7

2. *The Superior Court Erred in Denying Shipp's Petition Without an Evidentiary Hearing*

In 1980, when Shipp pleaded guilty, section 189 permitted a conviction for felony murder by imputing malice to a participant in an inherently dangerous felony that resulted in homicide, even if the death was accidental. (See *People v. Chun* (2009) 45 Cal.4th 1172, 1184.) As amended by Senate Bill 1437, section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder except under the felony-murder rule as set forth in new section 189, subdivision (e). Section 189, subdivision (e), in turn, limits the felony-murder exception to the malice requirement to situations in which the defendant was the actual killer, aided or abetted the underlying serious felony with the intent to kill, or was a major participant in the felony and acted with reckless indifference to human life.

Shipp does not fall into either of the first two felony-murder categories. It is undisputed that Polk, not Shipp, shot Duggins during the robbery; and the District Attorney did not contend, and the superior court did not find, that Shipp had acted during the robbery with an intent to kill. As for the third category, as the Attorney General has explained in his respondent's brief, the concepts of "major participant" and "reckless indifference" were first introduced into the Penal Code a decade after Shipp pleaded guilty. (See *Raven v. Deukmejian* (1990) 52 Cal.3d 336, 344 [explaining that, among other provisions, Proposition 115, the Crime Victims Justice Reform Act, adopted by voters at the June 5, 1990 Primary Election, expanded section 190.2, the special circumstances statute, by specifying "a penalty of death or

8

life imprisonment without parole for aiders and abettors of felony murder who 'with reckless indifference to human life and as a major participant' aid and abet in the commission of any felony specified in Penal Code section 189 that results in death"].) Those two required elements for a true finding on a felony-murder special-circumstance allegation, clarified by the Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, and now incorporated into section 189, subdivision (e)(3), were simply not part of the case against Shipp.  Nothing in the testimony at the preliminary hearing, let alone in Shipp's plea admissions, addressed them.

As the Attorney General acknowledges, although the evidence that Shipp could still be convicted of murder under the felony-murder rule ultimately may be strong, the limited record of conviction does not establish as a matter of law he is ineligible for resentencing as a major participant in the robberies who acted with reckless indifference to human life.  The superior court's ruling that Shipp could still be convicted of first degree murder required the court to weigh the evidence, such as it was, in light of Shipp's guilty plea, and engage in factfinding, activities not permitted under section 1170.95 prior to the issuance of an order to show cause.  (See, e.g., *People v. Duchine* (2021) 60 Cal.App.5th 798, 815 ["the time for weighing and balancing and making findings on the ultimate issues arises at the evidentiary hearing stage rather than the prima facie stage, at least where the record is not dispositive on the factual issues"]; *People v. Drayton, supra,* 47 Cal.App.5th at p. 968 ["[T]he trial court should accept the assertions in the petition as true unless facts in the record conclusively refute them as a matter of law. . . .  In assessing the petitioner's prima facie showing, the

9

trial court should not weigh evidence or make credibility determinations"].)

Accordingly, as both parties agree, the matter must be remanded for the superior court to conduct an evidentiary hearing in accordance with section 1170.95, subdivision (d).

## DISPOSITION

The order denying Shipp's section 1170.95 petition is reversed. On remand the superior court is to issue an order to show cause and to conduct further proceedings in accordance with section 1170.95, subdivision (d).


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.